UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CIARA RENEE,

                    Plaintiff,

          -against-

SISTERS CLARKE LIMITED LIABILITY COMPANY,
MAKE WAY BROADWAY LIMITED LIABILITY
COMPANY, NATIONAL ARTISTS MANAGEMENT
COMPANY, INC., ALECIA PARKER, P3
PRODUCTIONS a/k/a P THREE PRODUCTIONS and
SAMUEL LOPEZ,

                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   9/9/2025____
```

25 Civ. 6714 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By order dated August 18, 2025, the Court directed Plaintiff to amend her complaint to allege the citizenship of each member of the Defendants that are claimed to be corporate entities, including Sisters Clarke, LLC; Make Way Broadway, LLC; and P3 Productions. *See* ECF No. 6. On August 22, Plaintiff filed an amended complaint. ECF No. 8.

On September 3, Defendants jointly moved to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim. *See* Mot., ECF No. 9. Plaintiff moved to strike Defendants' motion for failing to comply with Rule III of the undersigned's Individual Practices in Civil Cases. *See* ECF No. 10. On September 4, Defendants jointly responded. ECF No. 12. The next day, Plaintiff filed a pre-motion letter for a motion to disqualify Defendants' counsel. ECF No. 13.

Before the Court entertains any motion to disqualify, the Court shall first address subject matter jurisdiction. *See United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) ("Subject matter jurisdiction is a threshold question that must be resolved . . . before proceeding to the merits." (citation omitted)); *Dinger v. Gulino*, 661 F. Supp. 438, 442 (E.D.N.Y. 1987) ("When faced with simultaneous motions to dismiss for lack of jurisdiction and attorney disqualification . . . courts have decided the jurisdictional question first.").

"In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party . . . must, unless the court orders otherwise, file a disclosure statement" that "name[s] . . . and identif[ies] the citizenship of . . . every individual or entity whose citizenship is attributed to that party. . . when the action is filed in or removed to federal court." Fed. R. Civ. P. 7.1(a)(2).  The disclosure statement must be filed "with [the party's] first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b).  Here, only Defendant Power of 3 Productions LLC, which claims to have been incorrectly sued as "P3 Productions a/k/a P Three Productions," has filed a Rule 7.1 disclosure statement.  *See* ECF No. 11.  Defendants Sisters Clarke, LLC and Make Way Broadway, LLC represented that they would move to file their disclosure statements under seal.  *See* ECF No. 12. The Court has received no such submissions.

Accordingly, by **September 12, 2025**, Defendants Sisters Clarke, LLC and Make Way Broadway, LLC shall file their motion for leave to file their Rule 7.1 disclosure statements under seal or otherwise file their disclosure statements.  Plaintiff's motion to strike Defendants' motion to dismiss is DENIED as moot.  *See* ECF No. 12.  Briefing on Plaintiff's motion to disqualify Defendants' attorneys is held in abeyance pending the Court's disposition of the jurisdictional issue.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 10.

SO ORDERED.

Dated:  September 9, 2025
    New York, New York

_____
ANALISA TORRES
United States District Judge